# United States Court of Federal Claims

No. 09-367 L
January 14, 2011

_____

**John P. Furlong and Lauren B. Pearce,** *et al.***,**

   *Plaintiffs***,**

**v.**

**United States of America,**

   *Defendant.*

_____

RCFC 23; Class Certification; Summary Judgment; Order of Disposition of Motions

*J. Robert Sears*, Baker Sterchi Cowden & Rice, LLC, St. Louis, MO, for plaintiffs.

*Jessica M. Held*, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

**BLOCK,** *Judge***.**

  Before the court is defendant's motion for a scheduling order, in which defendant asks that submission of the parties' anticipated summary judgment motions be scheduled only after the court rules on plaintiffs' pending motion for class certification. Def.'s Mot. for Scheduling Order ("Def.'s Mot.") at 3.

  The second amended complaint in this "rails to trails" case names one hundred and one plaintiffs suing "[f]or [t]hemselves and [a]s [r]epresentatives of a [c]lass of [s]imilarly [s]ituated [p]ersons." 2d Am. Compl. at 2. The named plaintiffs allege that defendant—through operation of the National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208, 97 Stat. 42, 48 (codified at 16 U.S.C. § 1247(d))—deprived them and other similarly situated landowners of their property without just compensation, in violation of the Fifth Amendment of the U.S. Constitution. 2d Am. Compl. ¶¶ 108–15. On September 25, 2009, more than two months after expiration of the Tucker Act's six-year limitations period, *see id.* ¶ 108, 28 U.S.C. § 2501, plaintiffs moved for class certification, *see* Pls.' Mot. to Certify Class at 1.

  Shortly thereafter, the court granted the parties' joint motion to stay all briefing on plaintiffs' motion for class certification, pending the Federal Circuit's decision in *Bright v. United States*. Order of October 14, 2009. That decision ultimately issued on May 3, 2010. *See Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010). *Bright* held that the Tucker Act's statute of limitations is subject to class-action tolling, thus making the class-action device hypothetically available to plaintiffs in this case. *Id.* at 1274.

Subsequently, the court continued the stay of briefing on plaintiffs' motion for class certification, pending a filing of a petition for rehearing or for writ of certiorari in *Bright*. *See* Order of May 19, 2010. On September 28, 2010, the Federal Circuit denied the aforementioned petition for rehearing. *See* Pls.' Mot. to Lift Stay at 2. And a petition for a writ of certiorari in *Bright* was not filed. *See* Def.'s Notice at 1, ECF No. 28. Accordingly, on January 5, 2011, the court lifted the stay of briefing on plaintiffs' motion for class certification and directed defendant to file its response to that motion by February 4, 2011.

Defendant's counsel now asserts that plaintiffs will seek summary judgment on liability before any ruling on class certification. *See* Def.'s Mot. at 1. Consequently, defendant requests a scheduling order that sets the deadlines for submission of the parties' cross-motions for summary judgment only after a ruling on class certification.[1] *Id*. at 3. Defendant argues that it is "neither consistent with existing precedent nor in the interests of judicial economy for the [c]ourt to rule on the issue of liability prior to its determination of who the parties are in this case." *Id*. at 1. Defendant further argues that determining liability prior to ruling on plaintiffs' motion for class certification "conflicts with the procedures for class actions as set out in Rule 23" of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Reply in Supp. of Def.'s Mot. for Scheduling Order ("Def.'s Reply") at 1–2. The court disagrees.

First and foremost, the weight of precedent is clear: it is within the court's discretion to decide the merits of plaintiffs' claims—whether on a motion for summary judgment or other dispositive motion—before deciding whether the suit may proceed as a class action. *See, e.g., Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209, 1211 n.1 (11th Cir.2005) (finding no error in the trial court's decision to grant summary judgment without addressing the plaintiff's motion for class certification); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (same). Notable in this regard is the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, which held that a court has no "authority to conduct a preliminary inquiry into the merits of a suit *in order* to determine whether it may be maintained as a class action." 417 U.S. 156, 178 (1974) (emphasis added). Implicit in *Eisen*'s holding is that the court may properly examine the merits, even prior to class certification, when ruling on an unrelated motion for summary judgment or other disposition. *See Curtin*, 275 F.3d at 92 (observing that "nothing in *Eisen* . . . requires the district court to rule on class certification before granting or denying a motion for summary judgment"); *see also Greenlee County, Arizona v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007) (explaining that *Eisen* does not "require[] that class certification be addressed before ruling on a motion to dismiss").

Likewise, nothing in RCFC 23—which is "modeled largely on the comparable" Federal Rule of Civil Procedure ("FRCP") 23, *see* Rules Committee Notes—precludes the court from determining defendant's liability, at least as to the named plaintiffs, prior to resolving the issue of class certification. *See, e.g., Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in [FRCP] 23 which precludes the court from examining the merits of plaintiff's claims on a . . . Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.") (internal quotation marks omitted). The

---

[1] Furthermore, pursuant to the court's initial scheduling order, discovery will close either (1) ninety days after a denial of plaintiffs' motion for class certification, or, should the motion be granted, (2) ninety days after the close of the opt-in period. Initial Scheduling Order, ECF No. 17.

rule's reference to "an early practicable time," RCFC 23(c)(1)(A), affords the court the flexibility to defer ruling on class certification pending an initial decision on the merits. *Curtin*, 275 F.3d at 92 (explaining that the language of FRCP 23 makes "the order of disposition of motions for summary judgment and class certification a question of discretion for the trial court"); 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1785.3 (3d ed. 2005) ("The reference to 'at an early practicable time' [in FRCP 23] recognizes that there may be many valid reasons justifying the deferral of the initial certification decision, including that the opposing party may prefer to win dismissal or summary judgment as to the individual plaintiffs.").

Finally, no judicial resources would be wasted if the court were to address the question of defendant's liability prior to addressing the class certification question. Should the court ultimately allow this matter to proceed as a class action, any "individual issues that might exist with respect to those currently unidentified claimants," Def.'s Mot. at 2, would have to be considered either way, whether on a belated summary judgment motion applicable to the entire class or on a second motion applicable only to those additional claimants. And defendant is simply incorrect in positing that a ruling on summary judgment prior to class certification would fix defendant's liability as to all putative class members. *See* Def.'s Reply at 3. To be sure, the court's determination of some issues—*e.g.*, whether the railroad abandoned the right-of-way in question—would apply to any additional claimants who later opt into the class. However, defendant's liability to those additional claimants would still turn on the threshold determination of whether each claimant can demonstrate a cognizable property interest in land underlying the railroad right-of-way. *See Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1213 (Fed. Cir. 2005) (explaining that the court must not reach the question of whether "the governmental action at issue amounted to a compensable taking" from a given claimant, "without first identifying a cognizable property interest" held by that claimant).

In sum, both RCFC 23 and the weight of precedent support plaintiffs' prerogative to move for, and the court's discretion to issue, summary judgment on defendant's liability to the named plaintiffs prior to resolution of the class certification question. Furthermore, the interests of judicial economy are not to the contrary in this case. Accordingly, defendant's above MOTION IS DENIED.

**IT IS SO ORDERED.**

s/ *Lawrence J. Block*
Lawrence J. Block
Judge