# In the United States Court of Federal Claims

No. 09-367L
(Filed:  April 18, 2017)

```
*************************************
JOHN P. FURLONG and LAUREN B.          *
PEARCE, husband and wife, et al.,      *
                                       *
For Themselves and As Representatives of *
a Class of Similarly Situated Persons, *
                                       *
            Plaintiffs,                *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
            Defendant.                 *
*************************************
```

Rails-to-Trails; Class Action; RCFC 23(e);
Preliminary Approval of Settlement;
Notice Plan; Fairness Hearing

<u>Steven M. Wald</u>, St. Louis, MO, for plaintiffs.

<u>Jessica M. Held</u>, United States Department of Justice, for defendant.

## OPINION AND ORDER

In this Rails-to-Trails action, 271 plaintiffs contend that they own real property adjacent to a 9.14-mile rail corridor in Albany County, New York.  They assert that until July 8, 2003, the Delaware and Hudson Railway Company, Inc., d/b/a Canadian Pacific Railway Company, and its predecessors held easements for railroad purposes that crossed their land.  According to plaintiffs, defendant United States authorized the conversion of the railroad rights-of-way into recreational trails pursuant to the National Trails System Act, 16 U.S.C. § 1247(d) (2000), conduct that resulted in a taking in violation of the Just Compensation Clause of the Fifth Amendment to the United States Constitution.

On March 4, 2013, upon agreement of the parties, another judge of this court certified the matter as an opt-in class action, and adopted the parties' proposed schedule for providing notice to putative class members and preparing a claims book.  Following participation in alternative dispute resolution proceedings, the parties reached a provisional settlement agreement on December 16, 2015.  The proposed settlement agreement provides for payment of damages for the alleged taking of plaintiffs' property rights, interest from the date of the alleged taking, and attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c) (2012).  Pls.' Mot. 6, ECF No. 144-1.  The proposed settlement agreement was subsequently approved by the Surface Transportation Board and the United States Department of Justice.

On February 24, 2017, class counsel moved this court for (1) preliminary approval of the proposed settlement agreement, (2) approval of the notice to class members regarding the proposed settlement agreement, and (3) the setting of a public fairness hearing pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC").  Defendant does not oppose class counsel's request for preliminary approval of the proposed settlement agreement, but avers that class counsel's proposed notice is insufficient.  Defendant thus urges the court to require class counsel to provide additional information via a class website instead of informing plaintiffs that the additional information will be provided upon request.  Defendant also contends that the notice should not contain language alluding to the enforcement of private fee agreements.  Class counsel counters that other judges have rejected similar requests for class websites and that the proposed notice is not deficient.  Class counsel also suggests that the court require in-person participation at the fairness hearing.  The court convened a telephonic status conference on April 10, 2017, to discuss the proposed notice.  Class counsel provided an updated proposed notice on April 17, 2017.

The motion is fully briefed, and the court considers oral argument unnecessary.  For the reasons stated below, plaintiffs' motion for preliminary approval of the proposed settlement agreement is granted.

## I. PROPOSED CLASS ACTION SETTLEMENT AGREEMENT

Court approval is necessary for settlement of a class action.  RCFC 23(e).  Such approval can only be granted "after a hearing and on finding that [the proposed settlement] is fair, reasonable, and adequate."  RCFC 23(e)(2); accord Haggart v. Woodley, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016).  "In implementing RCFC 23(e), courts typically review the proposed settlement for a preliminary fairness evaluation and direct notice of the [proposed] settlement to be provided to the class, and then grant final approval of the proposed settlement following notice to the class and a fairness hearing."  Lambert v. United States, 124 Fed. Cl. 675, 677 (2015) (citing Barnes v. United States, 89 Fed. Cl. 668, 670 (2009)).

Plaintiffs described the terms of the proposed settlement in their motion for preliminary approval.  The proposed settlement agreement was subsequently filed with the court.  Each party hired experts to appraise representative properties.  These experts made adjustments to determine the value of the remaining easements allegedly taken.  Under the terms of the proposed settlement, defendant will pay $13,988,929.28 plus additional interest as follows:

- $6,489,084.21 in just compensation, with awards for individual plaintiffs ranging from $1,300.00 to $440,662.00;

- $5,795,743.34 in interest through April 7, 2017;

- additional interest at 3.74 percent, compounded annually, after April 7, 2017, through the date of payment;

- $1,299,060.20 for attorneys' fees under the URA; and

- $405,041.53 for reimbursement of costs and expenses under the URA.

At the current stage—i.e., the preliminary fairness evaluation—courts typically consider "a variety of factors":

(i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations;

(ii) whether it improperly grants preferential treatment to class representatives or other members of the class;

(iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and

(iv) whether the agreement otherwise has obvious deficiencies.

Barnes, 89 Fed. Cl. at 670. The court neither "reach[es] any ultimate conclusions regarding the merits of the dispute, nor [does it] second guess the settlement terms" at this stage. Id. The court's task at this juncture is merely to examine the settlement agreement for "obvious deficiencies." Thomas v. United States, 121 Fed. Cl. 524, 528 (2015).

Upon review of the record, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement agreement. The court further finds that counsel for both parties are aptly experienced and have engaged in extensive discovery. The court therefore preliminarily approves the proposed class action settlement agreement for the purpose of allowing notice to be provided to the class members.[1]

## II.  NOTICE PLAN AND FORMS

When parties seek to resolve class action litigation through settlement, RCFC 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." A settlement notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Haggart, 809 F.3d at 1349 (internal quotation marks omitted). This principle is "equally applicable in the context of the provision of additional information." Id. Therefore, class counsel must, "either by notice or the method by which additional information is provided, . . . provide all necessary information for any class member to become fully apprised and make any relevant decisions" in order to pass constitutional muster and meet the requirements of RCFC 23(e). Id. (internal quotation marks omitted).

---

[1]  Preliminary approval, although nonbinding, "establishes an initial presumption of fairness." Barnes, 89 Fed. Cl. at 670 (internal quotation marks omitted).

Class counsel proposes to use the notice and forms attached to its motion for approval of notice. Defendant, on the other hand, proposes to use the notice and forms attached to its response to class counsel's motion. Following a status conference regarding the proposed notice, class counsel revised its proposed notice and forms. The court **ADOPTS** class counsel's revised notice and forms, which are attached to this opinion and order.

The approved notice and forms shall be provided via United States mail to each member of the opt-in class. Additional notice by publication via the Internet or otherwise is not necessary because the notice provided by mail is sufficient for each class member "to become fully apprised and make any relevant decisions."[2] Haggart, 809 F.3d at 1349 (internal quotation marks omitted). Specifically, the notice details the appraisal process, discusses the terms of the proposed settlement, provides individualized recovery amounts, lists relevant documents, and explains how to obtain additional information (which class counsel has agreed to provide). The forms will allow class members to request to speak at the fairness hearing and to submit comments in advance of the hearing. The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members **by no later than April 22, 2017**.

2. Class members shall submit to class counsel the form indicating whether they approve of or object to the settlement and whether they wish to appear at the fairness hearing **by no later than May 22, 2017**.

3. Class counsel will serve defendant with copies of all forms received by class members, and file the same with the court (with personal identifying information, other than names, redacted) **by no later than June 1, 2017**.

## III.  FAIRNESS HEARING

The court will conduct a fairness hearing to determine whether it should grant final approval of the proposed settlement on **Tuesday, June 13, 2017 at 11:00 a.m. (EDT)**. The fairness hearing will be held telephonically. Class counsel, and any class members who wish to appear in person, shall participate from a courtroom in Albany, New York; defense counsel may also participate from Albany. If a sufficient number of class members indicate that they wish to appear at the fairness hearing in person, the undersigned will also travel to Albany. Otherwise,

---

[2] Class action notice plans that do not provide for the creation of a dedicated website have been approved by other judges of this court as "reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing." Jenkins v. United States, No. 09-241L, 2017 WL 712759, at *2 (Fed. Cl. Feb. 22, 2017) (unpublished order); accord Greenwood v. United States, No. 10-15L, 2017 WL 361121, at *3-4 (Fed. Cl. Jan. 25, 2017) (unpublished order).

the undersigned and defense counsel (if not in Albany) will participate from a courtroom at the Howard T. Markey National Courts Building in Washington, DC.  The court will notify the parties when it has secured a courtroom in Albany, and will provide the parties with call-in information for the class members who wish to appear by telephone in advance of the hearing.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney

MARGARET M. SWEENEY

Judge

UNITED STATES COURT OF FEDERAL CLAIMS

# Notice of Proposed Final Settlement of Class Action Against the United States

*A Court authorized this notice. This is not a solicitation from a lawyer.*

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

## I.   INTRODUCTION.

You are receiving this notice because our records show that you are a member of a plaintiff class that the United States Court of Federal Claims certified in a class action lawsuit that was filed in 2009. Plaintiffs in that lawsuit, captioned *Furlong et al. v. United States*, No. 09-367 L (Fed. Cl.), sought just compensation from the United States based on allegations that the federal Surface Transportation Board's issuance of a Notice of Interim Trail Use on a 9.14-mile railroad corridor in Albany County, New York, interfered with property interests recognized under New York state law. Plaintiffs allege that this interference constitutes a taking of private property for public use, requiring compensation in accordance with the Fifth Amendment to the United States Constitution. The Defendant in this action, the United States of America, denies that the named Plaintiffs and class members are entitled to compensation for a Fifth Amendment taking.

At this time, the Plaintiff class representatives and the United States propose settling this matter. Under the terms of the proposed settlement, which must be approved by the Court, the United States agrees to pay to the Plaintiffs the total sum of $13,988,929.28, plus interest accruing after April 7, 2017. This amount consists of $6,489,084.21 in principal for the value of the property interests allegedly taken, $5,795,743.34 in interest through April 7, 2017, and $1,704,101.73 for reimbursement of attorneys' fees and costs pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA"). The $1,704,101.73 for statutory fees and costs has been allocated among attorneys' fees of $1,299,060.20 and reimbursement for reasonable costs and expenses of $405,041.53. Your allocated share of that total settlement amount is shown on the attached financial disclosure form.

In exchange for the payments to be made by the United States as specified herein, Plaintiffs agree that this settlement constitutes a full, complete, and final resolution of any and all of the Class's claims against the United States, legal or equitable, and stipulate to a voluntary dismissal of this action, with prejudice to re-filing.

The proposed settlement described herein was reached through a process in which Class Counsel and the United States, each retained an independent expert appraiser who appraised the value of certain parcels allegedly taken as of July 8, 2003. Each appraiser placed similar properties into groups and then appraised a representative parcel. The appraised value for that representative parcel was then used to calculate a settlement value for each claim within the group. Adjustments were made from the base appraised value to individual properties as needed due to any unique characteristics that existed. After each appraiser submitted their result, Class Counsel and the class representative and the United States negotiated a settlement amount that provides compensation

to all class members. To eliminate the time, costs, and risks associated with additional litigation, Class Counsel negotiated this proposed settlement on behalf of the Class, which substitutes the certainty of an immediate cash payment to the members of the Class for the uncertainties additional litigation poses. Class Counsel believes that the proposed settlement is fair, reasonable, and in the best interest of all members of the Class.

You may request additional information regarding the proposed settlement from Class Counsel, including: a copy of the representative appraisal and/or the one-page summary report applicable to the claims of class members, a spreadsheet identifying the properties in each appraisal group and the class member's property and showing how the value of each property in that group was extrapolated or derived from the appraisal of the representative parcels, and a copy of the Parties' filings to the Court regarding approval of this settlement.

If, after a fairness hearing, the proposed settlement is approved by the Court, as soon as the proceedings are final the United States Department of Justice will submit the settlement to the United States Department of the Treasury for payment from the Judgment Fund. **The Department of the Treasury requires each member of the Class who is to receive a portion of the total settlement to provide their Social Security Number or Federal Tax Identification Number prior to processing payment, so that the Department of the Treasury may fulfill its statutory obligations under the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3325(d)**). If you have questions regarding this requirement, visit https://www.fiscal.treasury.gov/fsservices/gov/pmt/jdgFund/judgementFund_home.htm (last updated November 1, 2016). This information is requested on the form that is attached to this Notice, and should be provided if you have not already done so.

## II.    CLASS MEMBERSHIP.

In 2013, potentially eligible persons were given notice of the certified class action and were offered the opportunity to opt-in to the class. All of those who opted to join this certified class action were provided notice that they would be bound to the terms of any judgment or any settlement the Court may approve. As a class member, you are entitled to comment on or object to the terms of the proposed settlement, and participate in a hearing with the Court, before the Court determines whether to approve the proposed settlement. If the Court approves the settlement described in this notice, the terms of the settlement are intended to bind all class members.

## III.   HEARING AND COMMENTS.

You have a right to enter an appearance in this case through an attorney other than Class Counsel if you so desire. The Court of Federal Claims will hold a public hearing to determine whether to approve the proposed settlement of this class action. Members of the class, as well as members of the public, are invited to attend and participate in person or by telephone, in a public hearing on Tuesday, June 13, 2017 at 11:00 a.m. EDT before the Honorable Margaret M. Sweeney, United States Court of Federal Claims Judge. The hearing shall be held telephonically, with Class Counsel present at a location that is convenient to class members who wish to participate in person. Call-in information shall be provided to participating members of the Class in advance of the hearing. At this hearing, Class Counsel will ask the Court to approve the proposed settlement. Any member of the class who would like an opportunity to comment on the proposed settlement or Class Counsel's motion for an award of attorney's fees at the hearing must advise the Court in writing at the address listed below by

2

May 22, 2017. Only those class members who have provided timely written notice of their intention to address the Court will be permitted to present any comments or objections regarding the proposed settlement at the hearing, which is open to the public. Written notice stating your intent to object to, approve of, or otherwise comment on the proposed settlement should be sent to the following address (or by facsimile to (314) 899-2925):

> **Furlong Hearing Notice**
> **c/o Steven M. Wald**
> **Stewart, Wald & McCulley**
> **12747 Olive Boulevard, Suite 280**
> **St. Louis, Missouri 63141**

**IV.     <u>ATTORNEY'S FEES.</u>**

 A federal law known as the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a) ("URA"), provides for reimbursement of reasonable attorneys' fees and costs in this case. Class counsel and counsel for the United States have negotiated the amount of attorneys' fees and costs that will be reimbursed under this law. The proposed settlement includes a payment of $1,704,101.73 under the URA. This sum includes $1,299,060.20 in attorneys' fees and $405,041.53 in costs. Because the costs incurred in this action were paid directly by Class Counsel, the $405,041.53 in reimbursable costs to be paid by the United States will be retained by Class Counsel.

**Your legal rights are affected whether you act or do not act. Read this notice carefully. If you do not take the opportunity to object to the proposed settlement either in writing or during the forthcoming hearing, you may be deemed to have waived your right to later object and to appeal from any court order approving the settlement and/or from any judgment that may be entered in this case.**

**You may obtain a copy of the Parties' filings by requesting a copy from Class Counsel. These requests may be made by calling Class Counsel at 1-314-720-0220 or sending an email to Class Counsel at <u>wald@swm.legal.</u>** <u>Please do not contact the United States Court of Federal Claims with questions or requests for information.</u>

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION | |
|---|---|
| DO NOTHING | You are currently a member of the Class that was certified in this case. As a member of the Class, you may approve of, object to, or comment on the proposed settlement. If the Court approves the settlement, the settlement's terms will bind you. You are not required, however, to take any additional action to participate as a class member at this time. |
| REQUEST ADDITIONAL INFORMATION | This notice is intended to provide you with general information about the proposed settlement of this class action. You may request additional information about the terms of the proposed settlement, including information about how the settlement amount for your claim was determined, or information concerning Class Counsel's request for fees, by contacting Class Counsel, Steven M. Wald of the law firm Stewart, Wald & McCulley by telephone at 1-314-720-0220 or by sending an email to wald@swm.legal. Please do not contact the United States Court of Federal Claims with questions or requests for information. |
| OBJECT TO, APPROVE OF, OR COMMENT | As a class member, you may (but are not required to) object to, approve of, or otherwise comment to the Court about whether it should approve the proposed settlement and Class Counsel's fee request. Section "B" of the attached form allows you to provide commentary. All forms must be sent to Steven M. Wald, Stewart, Wald & McCulley, 12747 Olive Boulevard, Suite 280, St. Louis, Missouri 63141 and be postmarked or faxed to (314) 899-2925 by May 22, 2017. You can give reasons why you think the Court should or should not approve the proposed settlement and Class Counsel's fee request. The Court will consider your views. |
| PARTICIPATE IN THE COURT HEARING | As a class member, if you choose to provide written comments, you may (but are not required to) ask to speak in Court about the fairness of the proposed Settlement. The space to request such permission is included in section "C" of the attached form. All forms must be sent to the address listed above and postmarked or faxed to the fax number listed above by May 22, 2017. |
| CONTACT US | If you have questions, you may contact Class Counsel at **1-314-720-0220**. Court-approved Class Counsel is Steven M. Wald of the law firm Stewart, Wald & McCulley. |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN P. FURLONG and LAUREN B. | ) | |
| PEARCE, husband and wife, *et al.*, | ) | |
| Individually, For Themselves and As | ) | |
| Representatives of a Class of Similarly | ) | |
| Situated Persons, | ) | |
| | ) | No. 09-367 L |
| Plaintiffs, | ) | |
| | ) | Judge Margaret M. Sweeney |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**INDIVIDUAL CLASS MEMBER'S SETTLEMENT DISCLOSURE STATEMENT**

To:      [name and address of individual class member to be inserted here]

      This Disclosure Statement contains information to help you understand the rights and benefits you would be entitled to under the proposed Settlement of this Class Action Lawsuit.

**Your total land value plus interest — $_____**

      Your total land value was determined through a settlement process that used an appraisal of your property or property deemed to be sufficiently similar to your property. It was calculated by multiplying your total square footage or acreage within the right-of-way by the per square foot dollar amount specific to your parcel of land.

**Your total interest — $_____**

      You are entitled to the total property value plus interest. This figure reflects an estimate of interest on your compensation for the property. The interest will be recalculated based on the actual date of payment and may be slightly higher than the amount listed here.

**Your total statutory attorneys' fees — $_____**

      By statute, you are entitled to recover reasonable attorney's fees. This figure reflects your share of the attorney's fees for Class Counsel under the relevant statute. If you have a separate fee agreement with Class Counsel, your actual attorney's fees are determined by that agreement. If you do not have a separate fee agreement with Class Counsel, your actual attorney's fees are the statutory attorney's fees shown above. In either case, you will be reimbursed for your attorney's fees up to the statutory amount.

      **Your total recovery is determined by adding your total land value and your total interest, and then deducting the excess, if any, of your actual attorney's fees over your statutory attorney's fees reimbursement. Please contact Class Counsel if you have questions about your attorney's fees or your total recovery amount.** <u>**Please do not contact the United States Court of Federal Claims with questions or requests for information.**</u>

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN P. FURLONG and LAUREN B. | ) | |
| PEARCE, husband and wife, *et al.*, | ) | |
| Individually, For Themselves and As | ) | |
|  Representatives of a Class of Similarly | ) | |
| Situated Persons, | ) | |
| | ) | No. 09-367 L |
| Plaintiffs, | ) | |
| | ) | Judge Margaret M. Sweeney |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**INDIVIDUAL CLASS MEMBER'S**
**COMMENTS ON PROPOSED SETTLEMENT AND/OR**
**REQUEST TO ADDRESS THE COURT AT PUBLIC HEARING**

**A.    APPROVAL OF THE PROPOSED SETTLEMENT**

[Class Member Name]:

*As a class member, you may approve of, object to, or comment on the proposed settlement. You are not required, however, to take any additional action to participate as a class member at this time.*

_____ I approve of the proposed settlement.

_____ I object to the proposed settlement (**explain below in Section B, Comments**).

_____ I wish to appear at the hearing in person.

_____ I wish to appear at the hearing by telephone.

(Signature) _____ (Date)_____

Your mailing address, phone number, and email address:

Mailing Address(es): _____

Phone Number(s)(*optional*):_____

Email (*optional*): _____

**If not previously provided, please provide your Social Security No. or Federal Tax Identification No. (SSN/TIN) (you must provide this information in order to receive payment):**

Class Member SSN/TIN (named above): _____

Co-Owner (print name & SSN/TIN): _____

**B.      COMMENTS / OBJECTIONS ON THE PROPOSED SETTLEMENT *:**

_____

_____

_____

_____

_____

_____

_____

_____


**C.      REQUEST TO SPEAK AT PUBLIC HEARING.**

*If you are a class member, and only if you expressed your objection, approval, or other comments on the proposed settlement in Section A of this form, you may (but are not required to) request to speak at the public hearing at which the Court will consider whether to approve the settlement. You may attend the hearing in person or you may participate by telephone.  You do not need to speak at the hearing to remain in the class or to have the Court consider your written commentary.*

_____ I wish to speak at the hearing __ in person / __ by telephone.

**Please fax, email or mail this form by May 22, 2017 to:**

Furlong Hearing Notice
c/o Mr. Steven M. Wald
Stewart, Wald & McCulley
12747 Olive Boulevard, Suite 280
St. Louis, Missouri 63141
Facsimile: (314) 899-2925
wald@swm.legal

**\*If you do not intend to appear at the hearing to state your objections on the record, you must submit specific objections in writing, or risk waiving those objections for the purposes of an appeal. Attach additional sheets setting forth your comments/objections if needed.**