# In the United States Court of Federal Claims

No. 09-367L
(Filed:  June 16, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOHN P. FURLONG and LAUREN B. PEARCE, husband and wife, et al., | * <br> * <br> * |
| For Themselves and As Representatives of a Class of Similarly Situated Persons, | * <br> * <br> * |
| Plaintiffs, | * <br> * |
| v. | * <br> * |
| THE UNITED STATES, | * <br> * |
| Defendant. | * <br> * |

Rails-to-Trails; Class Action; RCFC 23(e);
Final Approval of Settlement Agreement

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Steven M. Wald</u>, St. Louis, MO, for plaintiffs.

<u>Jessica M. Held</u>, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Before the court is the parties' request, pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"), for final approval of the proposed settlement agreement in this Rails-to-Trails class action.  Upon review of the proposed settlement agreement, and for the reasons stated below, the court grants the parties' request.

## I.  BACKGROUND

In this case, plaintiffs contend that they own real property adjacent to a 9.14-mile rail corridor in Albany County, New York.  They assert that until July 8, 2003, the Delaware and Hudson Railway Company, Inc., d/b/a Canadian Pacific Railway Company, and its predecessors held easements for railroad purposes that crossed their land.  According to plaintiffs, defendant United States authorized the conversion of the railroad rights-of-way into a recreational trail pursuant to the National Trails System Act, 16 U.S.C. § 1247(d) (2000), conduct that resulted in a taking in violation of the Just Compensation Clause of the Fifth Amendment to the United States Constitution.

On March 4, 2013, upon agreement of the parties, another judge of this court certified the matter as an opt-in class action, and adopted the parties' proposed schedule for providing notice to putative class members and preparing a claims book.  Following participation in alternative dispute resolution proceedings, the parties reached a provisional settlement agreement on December 16, 2015.  The proposed settlement agreement provides for payment of damages for the alleged taking of the 271 class members' property rights, interest from the date of the alleged taking, and attorneys' fees and costs under section 304(c) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c) (2012).  The proposed settlement agreement was subsequently approved by the Surface Transportation Board and the United States Department of Justice.

On February 24, 2017, class counsel moved this court for (1) preliminary approval of the proposed settlement agreement, (2) approval of the notice to class members regarding the proposed settlement agreement, and (3) the setting of a public fairness hearing.  Class counsel filed the settlement agreement with the court on March 6, 2017.  See generally Settlement Agreement, ECF No. 160-1.  Following a status conference and the submission of an updated proposed notice, the court, on April 18, 2017, granted preliminary approval, approved the notice to class members, and set a public fairness hearing.  See generally Furlong v. United States, No. 09-367L, 2017 WL 1382974 (Fed. Cl. Apr. 18, 2017).  On June 1, 2017, class counsel notified the court that it had received "explicit approvals" for 225 out of 271 claims,[1] and no objections or comments "pertaining to the proposed settlement amounts."  Notice, June 1, 2017, ECF No. 157.  Nine additional class members submitted responses, all indicating approval, after the deadline but before the fairness hearing.  Notice, June 14, 2017, ECF No. 159.[2]  The fairness hearing was conducted on June 13, 2017, and no class members participated.[2]

## II.  PROPOSED CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs described the proposed settlement in their motion for preliminary approval.  See Pls.' Mot. 6-7, ECF No. 144-1.  To determine property values, each party hired experts to appraise representative properties according to the Uniform Standards of Professional Appraisal Practice and the Uniform Appraisal Standards for Federal Land Acquisitions.  Id. at 3.  These experts determined the value of the remaining easements allegedly taken by the government by making adjustments to the representative properties.  Id. at 4.  The parties then exchanged expert reports and participated in successful alternative dispute resolution proceedings.  Id.  Under the terms of the proposed settlement, defendant will pay $13,988,929.28 plus additional interest as follows:

- $6,489,084.21 in just compensation, with awards for individual class members ranging from $1,300.00 to $440,662.00;

---

[1]  Class counsel incorrectly described the explicit approval rate as "220 out of 272 claims."  Notice, June 1, 2017.  However, there were 225 approvals received prior to the response deadline, see id. at Ex. A, ECF No. 157-1, and there are 271 members of the class (some of which assert multiple claims), see Settlement Agreement Ex. A.

[2]  One class member appeared at the hearing by telephone, but did not participate.

- $5,795,743.34 in interest through April 7, 2017;

- additional interest at 3.74 percent, compounded annually, after April 7, 2017, through the date of payment;

- $1,299,060.20 for attorneys' fees under the URA; and

- $405,041.53 for reimbursement of costs and expenses under the URA.

Id. at 6-7; Settlement Agreement ¶¶ 3-4 & Ex. A.

### III.  APPROVAL OF SETTLEMENT AGREEMENT

Court approval is necessary for settlement of a class action.  RCFC 23(e).  Such approval can only be granted "after a hearing and on finding that [the proposed settlement] is fair, reasonable, and adequate."  RCFC 23(e)(2); accord Haggart v. Woodley, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016), cert. denied, 136 S. Ct. 2509.  "In implementing RCFC 23(e), courts typically review the proposed settlement for a preliminary fairness evaluation and direct notice of the [proposed] settlement to be provided to the class, and then grant final approval of the proposed settlement following notice to the class and a fairness hearing."  Lambert v. United States, 124 Fed. Cl. 675, 677 (2015) (citing Barnes v. United States, 89 Fed. Cl. 668, 670 (2009)).  The court may not alter the terms of the proposed settlement agreement, nor decide the merits of the case, nor resolve unsettled issues; it may only accept or reject the proposed settlement agreement in its entirety.  Greenwood v. United States, 131 Fed. Cl. 231, 238 (2017).

While there is "no definitive list of factors that the court must apply in considering a class action settlement," the following factors are "instructive" in evaluating whether a settlement agreement is "fair, reasonable, and adequate":

1. The relative strengths of plaintiffs' case compared to the proposed settlement;

2. The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsel's representation of the class;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorneys' fees; and

6. The ability of the defendants to withstand a greater judgment,
   taking into account whether the defendant is a governmental
   actor or private entity.

Id. (relying in part on Sabo v. United States, 102 Fed. Cl. 619, 627 (2011)).  The court has "considerable discretion" with respect to the weight it assigns to each factor based on the factual context of the case, and "settlement is always favored."  Raulerson v. United States, 108 Fed. Cl. 675, 677 (2013).

Consistent with its determination at the preliminary approval stage, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement agreement.  The court further finds that counsel for both parties are aptly experienced and have engaged in voluminous discovery, a thorough appraisal process to determine the fair market value of the class members' property interests allegedly taken, and extensive settlement negotiations indicating no preferential treatment or other deficiencies.  See, e.g., Dauphin Island Prop. Owners Ass'n v. United States, 90 Fed. Cl. 95, 107 (2009) (approving a settlement that was "achieved through good-faith, non-collusive negotiation" (internal quotation marks omitted)).  Thus, factors one and two weigh in favor of approving the proposed settlement agreement.

Following a notice that was sufficient to "'provide all necessary information for any class member to become fully apprised and make any relevant decisions,'" Furlong, 2017 WL 1382974, at *2 (quoting Haggart, 809 F.3d at 1349), class counsel received the explicit approval of approximately eighty-six percent of the class, and did not receive any objections.[3]  A small number of objectors relative to the size of the class weighs strongly in favor of approval, Dauphin, 90 Fed. Cl. at 104, and here there are none.  Also, the silence of the remaining class members can reasonably be construed as consent,[4] see id. at 105, and settlement agreements with lower explicit approval rates have been approved by other judges of this court in Rails-to-Trails cases, see, e.g., Greenwood, 131 Fed. Cl. at 238 (seventy-five percent); Bailey v. United States, 128 Fed. Cl. 550, 553 (2016) (seventy-two percent).  Thus, the third factor weighs in favor of approving the proposed settlement agreement.

---

[3]  Altogether, 235 class members submitted response forms prior to the fairness hearing. See generally Notice Ex. A, June 1, 2017; Notice Ex. B, June 14, 2017, ECF No. 159-1.  Of these class members, 234 indicated approval of the proposed settlement, and one failed to indicate either approval or opposition.  Two class members (both of whom indicated approval) included comments beyond mere payment instructions alluding to the length of the litigation; neither commenting class member addressed the amount of the settlement or otherwise suggested that the settlement is unfair, unreasonable, or inadequate.

[4]  As in Dauphin, 90 Fed. Cl. at 105, class members were, prior to opting in to the class, made aware of the binding effect of an eventual class judgment, and were given ample opportunity to raise objections to the proposed settlement agreement prior to the fairness hearing.

Moreover, the settlement is fair to the entire class because, as explained above, there was no preferential treatment, and further, the grouping of properties allows for "[t]he relief to each category of class members [to be] tailored to the specific circumstances of those members." Sabo, 102 Fed. Cl. at 629.  Thus, the fourth factor weighs in favor of approving the proposed settlement agreement.

In addition, consistent with binding precedent, the proposed settlement agreement provides for payment of attorneys' fees pursuant to the URA rather than from settlement proceeds under the "common fund" doctrine.[5]  See Haggart, 809 F.3d at 1359 ("The URA provides a reasonable fee and thus forecloses application of the common fund doctrine.").  Thus, the attorneys' fees provision of the settlement agreement is fair, and therefore the fifth factor weighs in favor of approving the proposed settlement agreement.

Finally, defendant's solvency has "little relevance" when, as here, the defendant is the federal government.  Dauphin, 90 Fed. Cl. at 106.  The federal government "can theoretically always withstand greater judgment," but such burden would "ultimately fall to the taxpayers." Hunneshagen Family Tr. of June 25, 1999 v. United States, 121 Fed. Cl. 51, 57 (2015) (internal quotation marks omitted).  Therefore, these competing interests essentially cancel each other out, and the court gives this factor no weight.

In sum, factors one through five weigh in favor of approving the proposed settlement agreement, and the remaining factor is disregarded.

---

[5]  A private fee agreement between class counsel and a member of the plaintiff class, e.g., providing for attorneys' fees on a contingency basis, is beyond the jurisdiction of this court.  See Hufford v. United States, 85 Fed. Cl. 607, 608 (2009) (explaining that the United States Court of Federal Claims "does not have subject matter jurisdiction to entertain controversies between private parties").  The parties agree that this court "does not possess jurisdiction to enforce private fee agreements, and that such issue is a private matter between Class Counsel and his clients."  Pls.' Mot. 5.  Accordingly, class counsel "will separately and privately enforce the contingency fee agreements he has with his clients and then reimburse those class members their pro rata share of the URA attorneys' fees settlement."  Id.  This procedure was explained to class members in the notice of proposed settlement.  See Approved Notice 5, ECF No. 155-1.

## IV.  CONCLUSION

The parties' proposed settlement agreement is fair, reasonable, and adequate. Accordingly, the court **APPROVES** the proposed settlement agreement.  The clerk is directed to enter judgment in favor of plaintiffs in the amount of $6,489,084.21 in principal and $5,795,743.34 in interest through April 7, 2017, apportioned as shown in the table accompanying the attached approved settlement agreement.  Further interest shall be payable at a rate of 3.74 percent, compounded annually, beginning on April 8, 2017, through the date the judgment is paid.  In addition, the clerk is directed to enter judgment in favor of plaintiffs in the amount of $1,704,101.73 for attorneys' fees and costs pursuant to the URA.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN P. FURLONG, et al. | ) | |
| | ) | |
| For Themselves and As Representatives of a | ) | |
| Class of Similarly Situated Persons, | ) | No. 09-367L |
| | ) | |
| Plaintiffs, | ) | Hon. Margaret M. Sweeney |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

Plaintiffs and Defendant, the United States of America, (collectively the "parties") by and through their respective undersigned attorneys of record, submit respectfully this settlement agreement. Consistent with the agreement the parties have reached to resolve fully and finally the claims of the claimants described below, the parties submit the following:

1.    The parties have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation.

2.    This Settlement Agreement applies to all claims of the named Plaintiffs involved in the above captioned case. All such claims are listed in attached Exhibit A. Each of the Plaintiffs listed in Exhibit A have identified themselves as record title owners of certain parcels of real property, located adjacent to the rail corridor at issue in this litigation, on July 8, 2003.

3.    The United States hereby agrees, by way of compromise and settlement, to pay to the Plaintiffs the sum of $6,489,084.21 in just compensation. The just compensation amount to be paid for each individual claim is specified on Exhibit A. The United States further agrees, by way of compromise and settlement, to pay to the Plaintiffs $5,795,743.34, representing interest. The interest amount to be paid for each individual claim is also specified on Exhibit A. In

Exhibit 1

addition, the United States agrees to pay to the Plaintiffs $1,704,101.73 in attorneys' fees and litigation costs.

4.     The calculated interest stated in paragraph 3 is based upon an estimated date of payment of April 7, 2017.  The parties agree that interest may be recalculated based upon the U.S. Department of the Treasury's estimated date of payment, calculated by using an annual interest rate of the weekly average Moody's Aaa U.S. Corporate Bond Index for July 8 of the applicable year compounded annually.  If, however, the United States pays more in interest than has accrued as of the date of actual payment, the Plaintiffs agree to refund to the United States the amount of money paid that exceeds the amount of interest accrued by the date of actual payment.

5.     Plaintiffs understand and acknowledge that this settlement will be submitted by the United States to the Department of the Treasury for payment.  Plaintiffs have been informed that the Department of the Treasury requires each Plaintiff receiving a portion of the total settlement to provide their Social Security Number or Federal Tax Identification Number prior to processing payment, so that the Department of the Treasury may fulfill its statutory obligations under the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3325(d)).

6.     This settlement shall constitute a full, complete, and final resolution of any and all of the Plaintiffs' remaining claims against the United States, legal or equitable.  Accordingly, within 14 days of payment of the amounts described in paragraph 3, *supra*, the parties will file a stipulation voluntarily dismissing this action, with prejudice.

7.     This Settlement Agreement is the result of compromise and settlement, and shall not be construed as an admission of any legal or specific monetary liability on the United States' behalf with respect to any or all of the Plaintiffs' claims for just compensation, interest,

attorneys' fees and other litigation expenses, or any other kind of legal or equitable relief.  Nor shall this Settlement Agreement be construed as an admission on the Plaintiffs' behalf regarding any legal or factual matter relating to their claims.

8.     This Settlement Agreement shall not be interpreted to constitute a precedent or argument in this or any other case.

9.     This Settlement Agreement shall be binding on the parties, all of their related and affiliated companies and persons, and their successors and assigns.

10.     The parties agree that this Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute one and the same instrument.  Facsimile signatures shall have the same effect as original signatures in binding the parties.

Stipulated and agreed to by:

STEWART, WALD, & MCCULLEY, L.L.C.

By /s/ Steven M. Wald
Steven M. Wald
Michael J. Smith
12747 Olive Boulevard, Suite 280
Saint Louis, MO 63141
Telephone:  (314) 720-0220
Facsimile:  (314) 899-2925
wald@swm.legal
smith@swm.legal

and-

Thomas S. Stewart
Elizabeth G. McCulley
2100 Central, Suite 22
Kansas City, MO 64108
Telephone:     (816) 303-1500
Facsimile:     (816) 527-8068

JEFFREY H. WOOD
Acting Assistant Attorney General

By /s/ Jessica M. Held (by SWM w/perm)
Jessica M. Held
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Jessica.Held@usdoj.gov

ATTORNEY FOR DEFENDANT & AUTHORIZED
REPRESENTATIVE OF THE UNITED STATES

Date: March 6, 2017

3

stewart@swm.legal
mcculley@swm.legal

-and-

**Baker Sterchi Cowden & Rice, L.L.C.**
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
Telephone:  (314) 231-2925
Facsimile:  (314) 231-4857
sears@bscr-law.com

ATTORNEYS FOR PLAINTIFFS

Date:  March 6, 2017

Exhibit A

| Claim | Last Name | Parcel No | Final Property Damage Settlement | Property value plus interest until April 7, 2017 |
|---|---|---|---|---|
| 101a | Zautner, Jr. | 85.05-1-24 | $35,871.92 | $67,909.56 |
| 101b | Zautner, Jr. | 85.05-1-25 | | |
| | | | | |
| 20 | Coyle | 85.05-2-04 | $12,142.20 | $22,987.94 |
| 38 | Gold | 85.05-2-34 | $16,436.90 | $31,118.04 |
| 82 | Slingerlands Fire District | 85.05-2-33 | $56,424.48 | $106,816.64 |
| 171 | Hartson | 85.09-2-19 | $12,806.64 | $24,245.76 |
| 185 | E. Kent Jenkins and Richard A. Daniels d/b/a Kenwood Associates | 85.09-2-16 | $15,179.34 | $28,737.41 |
| 202 | McGarry, Jr. | 85.05-2-03 | $12,547.92 | $23,755.99 |
| 239 | Rutherford | 85.09-2-17 | $36,793.12 | $69,653.44 |
| 260 | Van De Carr | 85.09-2-14 | $2,769.48 | $5,244.89 |
| 267 | Whalen | 85.05-2-02 | $7,457.80 | $14,120.13 |
| | | | | |
| 4 | BDM Associates, LLC | 85.12-4-18 | $18,000.00 | $34,077.07 |
| | | | | |
| 130 | Estate of Joan F. Collen | 85.12-1-47 | $12,300.00 | $23,286.67 |
| 106 | Augusiak | 85.12-2-20 | $10,900.00 | $20,636.39 |
| 109A | Baptiste | 85.12-1-13 | $8,400.00 | $15,903.76 |
| 8 | Bolen | 85.12-1-34 | $11,100.00 | $21,015.00 |
| 121 | Bub | 85.12-2-21 | $14,400.00 | $27,262.08 |
| 124 | Cadieux | 85.12-2-13 | $11,300.00 | $21,393.61 |
| 16 | Cipolaro | 85.12-4-30 | $19,800.00 | $37,484.56 |
| 129 | Cochran | 85.12-3-14 | $28,600.00 | $54,143.43 |
| 129A | Cochran | 85.12-3-45 | $28,600.00 | $54,143.43 |
| 139 | Curtel Enterprises, Ltd. | 85.12-1-52 | $13,600.00 | $25,747.64 |
| 148 | Dembling | 85.12-1-46 | $6,400.00 | $12,117.66 |
| 165 | Gauger | 85.12-1-57 | $11,500.00 | $21,772.23 |

Exhibit A

| 35 | Gebhardt | 85.12-1-51 | $6,400.00 | $12,117.66 |
|---|---|---|---|---|
| 42 | Gunther | 85.12-1-54 | $9,000.00 | $17,039.59 |
| 48 | Hotaling, Jr. | 85.12-1-53 | $7,300.00 | $13,821.40 |
| 53 | Johnson | 85.12-1-45 | $8,700.00 | $16,471.68 |
| 190 | Lamica | 85.12-2-18 | $7,200.00 | $13,632.10 |
| 208 | Michne | 85.12-2-12 | $9,800.00 | $18,554.04 |
| 213 | Mosley | 85.12-1-48 | $9,600.00 | $18,175.42 |
| 215 | Murray | 85.12-2-19 | $6,000.00 | $11,360.43 |
| 219A | Niagara Mohawk Power Corp | 85.12-3-17 | $19,800.00 | $37,484.56 |
| 67 | Ochsner Family Trust | 85.12-1-33 | $10,100.00 | $19,121.95 |
| 227 | Phillips | 85.12-1-56 | $11,800.00 | $22,340.14 |
| 227A | Phillips | 85.12-1-55.2 | | $2.12 |
| 231 | Rees | 85.12-4-29 | $22,300.00 | $42,217.20 |
| 107 | Trust Agreement of the Debra A. Rogers Trust | 85.12-4-02 | $66,700.00 | $126,268.75 |
| 80 | Shanley | 85.12-3-16 | $7,500.00 | $14,200.01 |
| 85 | Tearoe | 85.12-1-32 | $10,400.00 | $19,689.87 |
| 254 | Tansey | 85.12-1-14 | $17,100.00 | $32,373.32 |
| | | | | $2.12 |
| 163 | Friendly's Ice Cream, LLC | 86.09-4-04 | $26,670.20 | $50,490.22 |
| | | | | $2.12 |
| 115 | Bianchi, Jr. | 85.12-2-14 | $19,297.39 | $36,533.10 |
| 22 | D.A.C. Realty Associates | 86.09-4-05 | $26,670.20 | $50,490.22 |
| 141 | Dake Bros. Inc. | 85.12-4-33 | $16,905.11 | $32,004.38 |
| 146 | Delmar Health & Fitness, LLC | 85.12-2-26 | $90,325.34 | $170,992.76 |
| 147 | Delwood Properties, LLC | 86.09-4-08 | $57,101.57 | $108,098.41 |
| 156 | Expanco, Inc. | 86.09-4-01 | $71,762.16 | $135,851.68 |
| 37 | Gjonaj | 85.12-2-25.1 | $25,843.88 | $48,925.95 |
| 37a | Gjonaj | 85.12-2-25.2 | | $2.12 |
| 168 | Estate of Harry O. Gochee, Jr. | 85.12-4-25 | $41,408.98 | $78,391.51 |

Exhibit A

| 177 | Heiss | 85.12-2-16 | $37,187.67 | $70,400.34 |
|---|---|---|---|---|
| 181 | Ipek | 85.12-4-22 | $51,359.19 | $97,227.78 |
| 181A | Ipek | 85.12-4-23 | | $2.12 |
| 188 | LaFontaine | 85.12-2-17 | $11,558.33 | $21,882.65 |
| 197 | Main Brothers Oil Co., Inc. | 85.12-4-32 | $39,891.32 | $75,518.50 |
| 198 | MarkAmy, LLC | 85.12-2-22 | $21,370.35 | $40,457.32 |
| 62 | Mullen Capital, LLC | 86.09-4-11 | $17,780.13 | $33,660.84 |
| 70 | Pastures of Albany, LLC | 86.09-6-01 | $17,381.22 | $32,905.69 |
| 230 | Pratt | 85.12-2-15 | $19,297.39 | $36,533.10 |
| 249 | Estate of Frances Stanley Stout | 86.09-4-12 | $40,604.92 | $76,869.38 |
| 156A | Town Centre Properties, Inc. | 86.09-4-02 | $26,214.30 | $49,627.17 |
| 90 | Vendetti Trust | 85.12-2-23 | $21,370.35 | $40,457.32 |
| | | | | $2.12 |
| 46 | Hilton | 73.00-4-11 | $58,000 | $109,799.19 |
| | | | | |
| | | | | |
| 210 | Thomas Mottolese | 73.00-4-12 | $440,662 | $834,198.60 |
| | | | | |
| | | | | |
| | | | | |
| 108 | Baltis | 84.00-2-13.1 | $1,300 | $2,463.09 |
| | | | | |
| | | | | |
| 196 | Estate of Harold Magee | 86.00-1-07 | $2,000.00 | $3,788.22 |
| | | | | |
| | | | | |
| | | | | |
| 72a | Purdy's Tall Timbers, LLC | 73.00-1-09.2 | $16,496.92 | $31,231.66 |
| | | | | |
| 72 | Purdy's Tall Timbers, LLC | 73.00-1-09.11 | $33,367.08 | $63,167.76 |
| 72b | Purdy's Tall Timbers, LLC | 73.00-1-09.12 | | |

Exhibit A

| | | | | |
|---|---|---|---|---|
| 72c | Purdy's Tall Timbers, LLC | 73.00-3-01.1 | | |
| | | | | |
| 17 | Colman | 84.08-4-03.1 | $21,844.37 | $41,354.67 |
| 17a | Colman | 84.08-2-01 | | |
| | | | | |
| 111 | The Georges Belfort Revocable Trust | 84.08-4-04 | $18,565.41 | $35,147.42 |
| 132 | Cook | 73.00-1-37.1 | $22,207.60 | $42,042.28 |
| 186 | Klersy | 84.00-2-01.3 | $47,210.17 | $89,373.47 |
| 87 | Tolman, Jr. | 85.05-2-01 | $11,506.28 | $21,784.11 |
| 94 | Warner Family Trust | 73.00-1-07 | $15,702.09 | $29,727.00 |
| | | | | |
| 154 | Estate of George Ehrcke | 86.10-5-01 | $15,737.28 | $29,793.62 |
| | | | | $2.12 |
| 133 | Coons | 86.11-2-01 | $9,619.26 | $18,211.89 |
| 169 | Good Samaritan | 86.11-1-01.1 | $10,334.42 | $19,565.72 |
| 169A | Good Samaritan | 86.11-1-01.2 | | |
| 41 | Guernsey | 85.10-2-12 | $6,435.43 | $12,184.73 |
| 214 | Multari | 85.10-2-05 | $961.62 | $1,822.51 |
| 214A | Multari | 85.10-2-06 | $3,624.55 | $6,863.58 |
| 214B | Multari | 85.10-2-07 | $2,219.12 | $4,203.03 |
| 219B | Niagara Mohawk Power Corp | 86.10-2-18.1 | $566.91 | $1,075.31 |
| 219C-D | Niagara Mohawk Power Corp | 86.00-3-01 | $5,217.23 | $9,878.61 |
| 65 | Noonan Lane, Inc. | 87.05-1-07 | $10,143.02 | $19,203.39 |
| 65 | Noonan Lane, Inc. (Severed) | 87.09-2-01 | | |
| 233 | Religions of the Sacred Heart | 87.10-1-02 | $9,285.04 | $17,579.19 |
| 246 | Socaris | 85.00-1-04 | $4,212.50 | $7,976.60 |
| 257 | Estate of Leonard F. Tompkins | 86.00-1-01.1 | $48,824.84 | $92,430.12 |
| 259 | Estate of Marie H. Vadney | 85.00-1-05 | $16,830.45 | $31,863.05 |
| 93 | VonRonne | 85.11-1-34 | $3,603.15 | $6,823.07 |

Exhibit A

| | | | | |
|---|---|---|---|---|
| 95a | Watkins | 86.07-1-17 | $18,823.40 | $35,635.81 |
| 266 | Westervelt | 85.06-4-17 | $3,917.81 | $7,418.74 |
| 269 | Estate of Augustine Williams | 85.11-4-09 | $3,846.47 | $7,283.69 |
| 269A | Estate of Augustine Williams | 85.11-4-08 | $163.04 | $310.76 |
| 269B | Estate of Augustine Williams | 85.11-4-10 | $2,268.68 | $4,296.85 |
| 269C | Estate of Augustine Williams | 85.11-4-11 | $443.82 | $842.29 |
| 270 | Estate of Alice H. W. Williamson | 85.00-1-03 | $4,482.32 | $8,487.39 |
| | | | | $2.12 |
| 251 | Swasey | 72.08-1-01 | $88,000.00 | $166,590.77 |
| | | | | |
| 34 | Gaul | 72.08-3-14 | $23,900.00 | $45,246.08 |
| 173 | Hayden | 72.08-3-2 | $5,800.00 | $10,981.82 |
| 236 | R-N-M, LLC | 72.08-3-9 | $1,800.00 | $3,409.61 |
| 252 | Swasey Landscaping | 72.08-3-15 | $6,000.00 | $11,360.43 |
| 251A | Swasey | 72.08-3-3.3 | $2,600.00 | $4,924.05 |
| 251B | Swasey | 72.08-3-7.12 | $10,500.00 | $19,879.17 |
| 251C | Swasey | 72.08-3-7.2 | $6,800.00 | $12,874.88 |
| | | | | |
| 127 | Center for the Disability Services | 87.10-1-3 | $33,000.00 | $62,472.86 |
| | | | | |
| 14 | Capital Pipeline Corporation | 87.10-1-04 | $6,700.00 | $12,685.57 |
| 45 | Highland Enterprises, Inc. | 87.10-2-05 | $46,800.00 | $88,596.99 |
| 219 | Niagara Mohawk Power | 87.10-2-06 | $10,600.00 | $20,068.48 |
| 221 | Northeast Trailer Rental, Inc. | 87.10-2-01 | $44,300.00 | $83,864.36 |
| 221A | Northeast Trailer Rental, Inc. | 87.10-2-02 | | |
| 221B | Northeast Trailer Rental, Inc. | 87.10-2-7.2 | | |
| | | | | |

| 161 | Fleetway Construction Co., Inc. | 84.08-1-02 | $20,765.64 | $39,312.57 |
|---|---|---|---|---|
| | | | | |
| 9 | Bovitz | 73.00-1-38.22 | $34,019.54 | $64,402.91 |
| 6 | Biernacki | 73.00-4-01.32 | $48,510.00 | $91,834.11 |
| 12 | Bragle | 85.05-1-22 | $3,849.15 | $7,288.76 |
| 118 | Briand Parenteau Associates | 74.00-1-57.12 | $19,783.18 | $37,452.72 |
| 119 | Brookview Court, Inc. | 73.00-4-01.106 | $23,905.33 | $45,256.17 |
| 13 | Buffa | 73.00-4-10 | $125,862.09 | $238,265.71 |
| 136 | Cronin | 73.00-1-38.3 | $35,034.64 | $66,324.54 |
| 143A | Davis | 74.00-1-56 | $20,889.04 | $39,546.17 |
| 143 | Davis | 74.00-1-57.11 | $17,975.20 | $34,030.12 |
| 31 | Ferreri | 84.08-1-01 | $21,448.14 | $40,604.58 |
| 191 | Lang | 84.08-5-03 | $20,806.04 | $39,389.05 |
| 57 | Livingston | 72.08-2-06.2 | $36,330.00 | $68,776.73 |
| 59 | Lukacs | 84.08-1-10 | $25,524.55 | $48,321.44 |
| 223 | Estate of Martha Pastori | 85.05-1-18 | $22,551.54 | $42,693.38 |
| 240 | Sacco, Jr. | 72.08-3-21 | $18,788.87 | $35,570.44 |
| 91 | Vincent | 72.08-3-32 | $104,475.00 | $197,778.82 |
| 91A | Vincent | 72.08-4-16 | | |
| 98 | White | 84.00-2-01.1 | $78,645.00 | $148,881.26 |
| | | | | |
| 28 | Drozd, Jr. | 85.11-4-17 | $15,723.43 | $29,767.40 |
| 28a | Drozd, Jr. | 85.11-4-19 | | |
| | | | | |
| 123 | Caccamo | 86.09-4-29 | $6,476.68 | $12,262.81 |
| 125 | Carpenter | 85.10-1-6 | $2,701.00 | $5,115.25 |
| 137 | Cubello | 85.10-1-5 | $3,681.31 | $6,971.03 |
| 27 | Doyle | 85.10-1-3 | $1,608.83 | $3,047.72 |
| 29 | Eck | 85.10-1-4 | $2,319.87 | $4,393.75 |
| 180 | Estate of John E. Hutchinson | 85.06-4-07 | $16,853.38 | $31,906.46 |
| 58 | Lombardi | 85.10-2-13 | $8,287.22 | $15,690.26 |

| 63 | Nath-Adams-Blanchard Post 1040 | 86.09-7-01 | $25,690.38 | $48,635.37 |
|---|---|---|---|---|
| | | | | |
| 1 | Alberry | 73.09-1-08 | $10,000.00 | $18,932.65 |
| | | | | |
| 114 | Bestle | 72.12-9-18 | $18,800.00 | $35,591.51 |
| 18 | Conroy | 72.12-9-27 | $9,500.00 | $17,986.12 |
| 19 | Courtney | 72.12-9-25 | $11,200.00 | $21,204.31 |
| 50 | Hungershafer | 72.12-9-19 | $21,400.00 | $40,513.45 |
| 182 | Jeffers | 72.12-9-22 | $6,400.00 | $12,117.66 |
| 220 | Nichols | 72.12-9-21 | $11,900.00 | $22,529.45 |
| 69 | Pahl | 72.12-9-20 | $15,000.00 | $28,397.91 |
| 81 | Skladanuk | 73.09-1-09 | $10,200.00 | $19,311.26 |
| 83 | Soron | 72.12-9-26 | $10,300.00 | $19,500.56 |
| 84 | Sundeen | 72.12-9-24 | $7,800.00 | $14,767.93 |
| 97 | Weigand | 72.08-2-04 | $5,700.00 | $10,792.52 |
| | | | | |
| 183 | Johnson | 85.05-4-22 | $26,134.53 | $49,476.17 |
| | | | | |
| 103 | Anneling | 85.05-4-25 | $25,881.97 | $48,998.06 |
| 7 | Bifera | 84.08-2-22 | $147,314.59 | $278,876.43 |
| 122 | Bulman | 85.05-1-17 | $27,817.74 | $52,662.57 |
| 134 | Cox | 85.10-1-10 | $30,057.64 | $56,902.82 |
| 21 | Cullen | 84.08-2-21 | $32,104.67 | $60,777.96 |
| 144 | Decker | 84.08-2-20 | $30,661.99 | $58,046.89 |
| 25 | Devine | 84.08-1-08 | $29,524.60 | $55,893.75 |
| 150 | DiMaggio | 84.08-1-05 | $35,646.82 | $67,483.43 |
| 26 | Doyle | 85.09-2-22 | $16,911.62 | $32,016.71 |
| 160 | Estate of Gary Flansburg | 85.05-2-35 | $24,460.84 | $46,307.78 |
| 157 | Fedele | 85.05-1-28 | $49,316.55 | $93,360.96 |
| 40 | Greenberg | 85.05-4-20 | $32,924.88 | $62,330.66 |
| 172 | Hart-Wilson Properties, LLC | 85.09-2-15 | $54,603.54 | $103,369.51 |
| 175 | Hedderman | 84.08-5-01 | $26,235.40 | $49,667.12 |

| 47 | Hogan | 85.05-4-21 | $30,736.26 | $58,187.48 |
|---|---|---|---|---|
| 51 | Ilnicki | 84.08-1-07 | $33,738.85 | $63,871.55 |
| 52 | Jacobson | 84.08-1-04 | $32,849.22 | $62,187.43 |
| 56 | Koshnitsky | 84.08-2-18 | $36,254.98 | $68,634.71 |
| 189 | Lajeunesse | 85.09-2-20 | $22,010.09 | $41,668.38 |
| 193 | Laraway | 85.10-1-09 | $42,909.37 | $81,231.82 |
| 207 | Melita | 85.06-4-02 | $25,347.20 | $47,985.71 |
| 61 | Mirabile | 85.06-4-04 | $23,090.28 | $43,713.24 |
| 212 | Morris | 85.10-1-59 | $20,559.23 | $38,921.83 |
| 64 | Neander | 73.00-1-39 | $70,238.83 | $132,967.94 |
| 66 | Norek | 84.08-2-23 | $28,135.19 | $53,263.52 |
| 224 | Estate of Agnes Pearsall | 85.05-1-14 | $17,405.10 | $32,950.89 |
| 73 | Randall | 84.08-1-03 | $72,725.83 | $137,675.96 |
| 74 | Riddell-Young | 85.06-4-03 | $25,685.93 | $48,626.94 |
| 75 | Robbins | 85.05-4-24 | $25,370.69 | $48,030.18 |
| 237 | Roberts | 84.08-2-19 | $36,310.25 | $68,739.34 |
| 241 | Schultz-Clark | 85.05-1-12 | $58,669.51 | $111,066.60 |
| 79 | Shanholtz Family Irrevocable Trust | 85.06-4-05 | $44,993.53 | $85,177.25 |
| 245 | Slingerland, Jr. | 85.05-4-26 | $44,552.73 | $84,342.79 |
| 86 | Tobin | 85.05-1-13 | $16,645.07 | $31,512.12 |
| 88 | Turner | 85.05-1-15 | $25,632.93 | $48,526.61 |
| 92 | Virgil | 84.08-2-26 | $31,630.20 | $59,879.76 |
| 265 | Walker | 85.05-4-23 | $22,168.65 | $41,968.54 |
| 268 | Wilken | 85.09-2-21 | $14,369.35 | $27,204.06 |
| 99 | Wirth Living Trust | 84.08-2-25 | $48,389.79 | $91,606.55 |
| 100 | Yalaju | 84.08-1-06 | $37,980.08 | $71,900.42 |
| 101 | Zautner, Jr. | 85.05-1-23 | $20,865.57 | $39,501.75 |
| | | | | |
| 262 | Vaughn | 85.11-5-24 | $11,088.35 | $20,992.95 |
| | | | | |
| 102 | Abramowitz | 86.09-7-05 | $18,571.55 | $35,159.04 |
| 2 | Andriano | 85.11-4-33 | $40,960.58 | $77,542.66 |
| 104 | Arico | 85.11-5-28 | $10,317.53 | $19,533.75 |

Exhibit A

| 105 | Aspin | 86.10-4-01 | $27,104.66 | $51,312.67 |
|---|---|---|---|---|
| 109 | Baptiste | 85.12-1-10 | $8,150.85 | $15,432.11 |
| 3 | Battle | 86.09-7-02 | $11,225.47 | $21,252.53 |
| 110 | Beaudin | 85.11-3-11 | $8,150.85 | $15,432.11 |
| 112 | Bendett | 85.11-5-16 | $27,555.07 | $52,165.32 |
| 113 | Bennett | 86.10-1-28 | $18,881.07 | $35,744.98 |
| 5 | Berger | 86.09-8-62 | $20,131.77 | $38,112.62 |
| 116 | Blank | 86.09-3-42 | $8,449.54 | $15,997.54 |
| 10 | Bowman | 86.09-8-61 | $11,896.11 | $22,522.08 |
| 11 | Brady | 86.09-4-27 | $6,809.57 | $12,892.99 |
| 117 | Braun | 85.11-3-24 | $6,087.34 | $11,525.77 |
| 120 | Bruni | 85.11-3-12 | $5,365.11 | $10,158.55 |
| 15 | Caraco | 86.09-6-06 | $16,106.28 | $30,492.16 |
| 126 | Casey | 86.09-3-20 | $16,508.04 | $31,252.71 |
| 128 | Chang n.k.a. Woodard | 85.11-5-36 | $13,284.54 | $25,150.45 |
| 131 | Living Trust of Lucy E. Contento | 85.11-1-26 | $6,396.87 | $12,111.73 |
| 135 | Estate of Charles L. and Marjorie C. Crangle | 86.09-6-10 | $11,689.76 | $22,131.45 |
| 138 | Culver, f.k.a. Leith | 85.11-5-11 | $13,641.32 | $25,825.86 |
| 140 | Estate of Edward Czajak | 86.10-4-03 | $21,002.62 | $39,761.19 |
| 23 | Day Family Trust | 86.09-6-05 | $20,701.09 | $39,190.38 |
| 145 | Delaware Plaza Associates, n.k.a. Delaware Plaza, LLC | 86.10-2-19 | $111,119.77 | $210,357.72 |
| 145a | Delaware Plaza Associates, n.k.a. Delaware Plaza, LLC | 86.10-2-18.2 | | |
| 149 | Dievendorf | 85.11-3-28.2 | $1,857.15 | $3,517.80 |
| 151 | Doorey | 86.09-6-09 | $10,490.86 | $19,861.87 |
| 152 | Drake | 86.10-4-04 | $21,157.38 | $40,054.16 |
| 28b | Drozd, Jr. | 85.11-5-01 | $39,079.18 | $73,981.07 |
| 153 | Dunn | 85.11-1-31 | $4,849.24 | $9,181.98 |
| 153A | Dunn | 85.11-1-32 | $5,880.99 | $11,135.14 |

| 30 | Everleth | 85.11-5-34 | $15,137.21 | $28,657.66 |
| 158 | Estate of Jane E. Felgentreff | 86.09-1-47 | $9,904.83 | $18,752.48 |
| 33 | Finn | 86.09-6-17 | $17,158.05 | $32,483.21 |
| 159 | Fitzpatrick | 85.11-1-24 | $2,166.68 | $4,103.76 |
| 162 | Fox | 85.11-5-20 | $8,904.23 | $16,858.30 |
| 164 | Fronk | 85.11-1-29 | $6,396.87 | $12,111.73 |
| 71 | Furlong | 85.11-5-23 | $11,774.26 | $22,291.41 |
| 166 | Gazzetta | 86.09-7-07 | $14,531.21 | $27,510.47 |
| 36 | Gies | 86.10-4-05 | $18,507.06 | $35,036.96 |
| 167 | Gilligan | 86.10-4-13 | $5,944.96 | $11,256.24 |
| 39 | Graf | 85.11-5-17 | $8,220.49 | $15,563.94 |
| 170 | Gray | 86.09-6-11 | $11,689.76 | $22,131.45 |
| 255 | Estate of Carol Terko Green | 86.09-3-39 | $7,738.15 | $14,650.84 |
| 43 | Hartle | 85.11-5-31 | $8,642.68 | $16,363.17 |
| 44 | Haverly | 86.09-7-04 | $20,459.66 | $38,733.34 |
| 174 | Eleanor G. Haywood Trust | 85.12-1-9 | $19,276.96 | $36,494.42 |
| 176 | Heiser | 86.10-4-11 | $24,735.45 | $46,827.63 |
| 178 | Helmer | 86.09-3-53 | $4,952.41 | $9,377.29 |
| 179 | Mary Frances L. Hoff Revocable Trust | 85.12-3-01 | $21,319.83 | $40,361.68 |
| 49 | Hulin | 86.09-8-67 | $17,580.03 | $33,282.04 |
| 54 | Joy | 86.10-4-07 | $15,558.83 | $29,455.81 |
| 184 | Judd | 86.09-6-14 | $11,689.76 | $22,131.45 |
| 55 | Kass, Jr. | 86.09-7-03 | $18,571.55 | $35,159.04 |
| 187 | Koonz | 86.10-4-06 | $17,087.99 | $32,350.59 |
| 192 | Lang | 86.09-6-18 | $24,485.14 | $46,353.78 |
| 194 | Larkin, f/k/a Vantine | 85.11-5-14 | $18,674.72 | $35,354.35 |
| 195 | Estate of Dorothy E. Lewis | 85.11-1-23 | $45,397.12 | $85,941.27 |
| 60 | Lukatschat | 86.09-8-63 | $20,782.59 | $39,344.66 |
| 199 | Jane P. McAuliffe Irrevocable Trust | 85.11-5-18 | $16,389.39 | $31,028.10 |
| 200 | McCaughin | 86.09-3-41 | $5,055.59 | $9,572.62 |
| 201 | McDonald | 86.09-6-12 | $11,535.00 | $21,838.48 |

| 203 | McNary | 86.10-4-09 | $19,254.16 | $36,451.26 |
| 204 | McNeil | 86.09-6-07 | $15,022.94 | $28,441.34 |
| 205 | Meadows | 86.09-6-15 | $11,689.76 | $22,131.45 |
| 206 | Mehlman | 85.11-3-27.2 | $6,912.74 | $13,088.30 |
| 209 | Minor | 85.11-3-9.1 | $6,293.69 | $11,916.41 |
| 211 | Moore n/k/a Hans | 86.09-3-19 | $25,071.59 | $47,463.96 |
| 216 | Murray | 85.11-5-30 | $10,317.53 | $19,533.75 |
| 217 | Nash | 86.10-4-02 | $23,397.57 | $44,294.95 |
| 218 | Neumann | 85.11-1-30 | $5,880.99 | $11,135.14 |
| 222 | O'Hanlon | 85.11-3-13 | $3,920.66 | $7,424.13 |
| 222A | O'Hanlon | 85.11-3-14 | $5,365.11 | $10,158.55 |
| 68 | Olmstead | 86.09-3-40 | $5,055.59 | $9,572.62 |
| 225 | Estate of Claire A. Peplowski | 85.11-5-12 | $21,322.20 | $40,366.17 |
| 226 | Peterson | 86.09-6-16 | $11,689.76 | $22,131.45 |
| 228 | Plog | 85.11-1-28 | $6,396.87 | $12,111.73 |
| 229 | Plummer | 86.09-4-28 | $6,809.57 | $12,892.99 |
| 234 | Alan K. Riedel Revocable Trust | 86.09-3-54 | $14,444.54 | $27,346.40 |
| 235 | Riscica | 85.11-5-21 | $6,421.63 | $12,158.60 |
| 235A | Riscica | 85.11-5-22 | $5,983.75 | $11,329.67 |
| 238 | Royne | 86.09-6-13 | $22,450.94 | $42,502.93 |
| 76 | Salamone | 86.10-4-10 | $21,670.52 | $41,025.56 |
| 77 | Schubert | 85.11-5-32 | $11,132.77 | $21,077.04 |
| 77a | Schubert | 85.11-5-33 | $6,123.87 | $11,594.93 |
| 78 | Scoons | 85.11-5-25 | $10,247.42 | $19,401.03 |
| 242 | Seebode | 86.09-7-06 | $14,663.27 | $27,760.46 |
| 243 | Sgroi | 85.11-5-26 | $10,889.63 | $20,616.76 |
| 244 | Willard E. Skidmore Living Trust | 86.09-6-08 | $18,886.85 | $35,755.92 |
| 247 | Spagnola | 85.11-3-25 | $3,611.13 | $6,838.18 |
| 248 | Stander | 86.09-4-26 | $12,277.86 | $23,244.76 |
| 250 | Stryker | 85.11-5-29 | $8,544.82 | $16,177.91 |
| 253 | Swick | 85.11-5-35 | $12,714.60 | $24,071.53 |
| 256 | Thomas | 85.11-1-25 | $5,261.94 | $9,963.25 |

| 256A | Thomas | 85.11-1-27 | $6,396.87 | $12,111.73 |
| 89 | Underwood | 86.10-4-12 | $21,066.95 | $39,882.97 |
| 261 | Estate of Emilie Van Dusen | 85.11-5-19 | $14,487.36 | $27,427.46 |
| 263 | Vaughn | 85.12-3-02 | $19,590.35 | $37,087.69 |
| 95 | Watkins | 86.09-6-02 | $21,811.25 | $41,291.97 |
| 96 | Yellow Brick Road Farm, In | 85.11-2-33.1; 33.2; 33.3 | $41,270.11 | $78,128.62 |
| 271 | Zollo | 86.09-8-66 | $19,459.68 | $36,840.32 |
| | | | | |
| 258 | Vadney | 87.39-1-29 | $9,143.47 | $17,311.19 |
| | | | | |
| 142 | Davis | 87.39-1-23 | $2,121.80 | $4,018.80 |
| 24 | Demarco | 87.39-1-33 | $10,203.84 | $19,318.53 |
| 155 | Everett | 87.39-1-22 | $1,324.38 | $2,509.24 |
| 32 | Fink | 87.10-1-01.2 | $13,780.41 | $26,089.16 |
| 232 | Reich | 87.39-1-25 | $19,896.89 | $37,667.98 |
| 232A | Reich | 87.39-1-26 | $9,172.57 | $17,366.28 |
| 258A | Vadney | 87.39-1-32 | $8,922.56 | $16,893.00 |
| 264 | VanGeldern | 87.39-1-30 | $12,588.57 | $23,832.95 |
| 264A | VanGeldern | 87.39-1-31 | $3,522.69 | $6,670.76 |